**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRUCE MARJENHOFF,

       Plaintiff,

v.                                   CIV No.  14-364 LH/WPL

NEW MEXICO STATE POLICE, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.  (Doc. 2, filed April 17, 2014).  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** Plaintiff's Complaint.  Plaintiff may amend his Complaint within 14 days of entry of this Order.  Failure to do so may result in dismissal of this case.

**Motion to Proceed *in forma pauperis***

Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on April 4, 2014.  (Doc. 2).  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that: (i) his total monthly income is $541.00; (ii) his total monthly expenses are $540.00; (iii) he has $60.00 in his bank accounts; and (iv) his only asset is a nonworking vehicle which he estimates to be worth $150.00 or less. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff's monthly expenses are only $1.00 less than his monthly income.

**Dismissal of *In Forma Pauperis* Proceedings**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500

F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**The Complaint**

This case arises from a traffic stop by a New Mexico State Police officer who issued a citation to Plaintiff for speeding, a New Mexico Magistrate Judge's ruling that Plaintiff was guilty of speeding, and a New Mexico District Judge's handling of Plaintiff's appeal from the Magistrate Judge's ruling. Plaintiff alleges the following facts in his Complaint. (Doc. 1, filed April 17, 2014).

On March 29, 2013, Defendant Sgt. Jenkins of the New Mexico State Police cited Plaintiff for "doing 81 mph in a 55 mph zone" based on the officer's radar unit. Plaintiff contends that Sgt. Jenkin violated Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 when he stopped Plaintiff and issued a citation because: (i) Jenkins had "left State of New Mexico jurisdiction and was on Navajo Federal Jurisdictional Lands; (ii) the Navajo Nation Police had not requested Sgt. Jenkins' assistance; (iii) Sgt. Jenkins was speeding at the time; (iv) because the initial radar reading was taken while the vehicles were in a curve in the road, Plaintiff's car was at a 30° angle to Sgt. Jenkins' car resulting in an incorrect speed determination; (v) Sgt. Jenkins was not certified to use radar; (vi) Sgt. Jenkins' radar was out of certification; and (vii) Plaintiff's car was one of three cars traveling on the road and Sgt. Jenkins cited the wrong driver.

Plaintiff contends that Magistrate Silversmith and Judge DePauli violated Plaintiff's due process rights based on the following facts. Plaintiff pled "not guilty" and demanded a hearing which was held on August 16, 2013 before New Mexico Magistrate Judge April Silversmith.

"Magistrate Silversmith made an oral ruling stating that the Plaintiff had proven his case, but because [Sgt. Jenkins] had a radar unit in his car, she said she found the Plaintiff guilty in this case."  Plaintiff then appealed the Magistrate Judge's ruling.  The appeal was assigned to New Mexico District Judge Louis E. DePauli, Jr., who "refused to hold a Hearing for Appeal and Disposed the Appeal."

Plaintiff seeks the following relief:  (i) a written apology; (ii) repayment for court costs of $241.00;[1] (iii) removal of the eight points against his driving license; (iv) "all federal court costs;" and (v) no retaliation.

**Discussion**

The Court will dismiss Plaintiff's Complaint because it fails to state a claim.  Plaintiff seeks to recover damages asserting that his conviction for speeding was based on the New Mexico State Police officer's allegedly unlawful actions and the alleged procedural violations by the Magistrate Judge and the District Judge.

> In order to recover damages for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction ... has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A plaintiff may not bring a civil rights suit if a favorable result in the suit would necessarily demonstrate the invalidity of an outstanding criminal judgment against the plaintiff. *Id.* at 487, 114 S.Ct. 2364.

*Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000); *see also Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (holding that to recover damages for allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction has already been invalidated).  A judgment in

---

[1] It is not clear from the Complaint whether these court costs include the fine for the traffic citation for speeding.

favor of Plaintiff based on the allegations in his Complaint would necessarily imply the invalidity of his conviction for speeding.  Plaintiff has not alleged that his conviction for speeding has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determination.

Furthermore, the Magistrate Judge and the District Judge[2] are immune from suit.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).  Plaintiff's allegations against the two judges show that their actions were taken in the judges' judicial capacity.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  Plaintiff makes no allegations that the actions of the two judges were taken in the complete absence of all jurisdiction.

The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff may amend his Complaint within 14 days of entry of this Order.  Failure to timely amend the Complaint may result in dismissal of this case.

**IT IS THEREFORE ORDERED** that Plaintiff Bruce Marjenhoff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed April 17, 2014) is **GRANTED.**

---

[2] The Court has already dismissed the District Judge from this case with prejudice. (*See* Doc. 13, filed July 8, 2014).

**IT IS ALSO ORDERED** that Plaintiff's Complaint (Doc. 1, filed April 17, 2014) is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**