IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUCE MARJENHOFF,

    Plaintiff,

v.                                                          CV 14-0364 LH/WPL

STATE OF NEW MEXICO POLICE,

    Defendant.

**ORDER**

    This matter is before me on various pretrial motions filed by the parties to this action. On July 15, 2014, the Court dismissed Bruce Marjenhoff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). (Doc. 16.) In light of this disposition, I will address the pretrial motions that are before me.

    In his "Motion for Discovery" (Doc. 4), Marjenhoff asks that the Court provide, or that I order Defendants to provide, certain documents that he believes to be relevant to this action. Defendant April J. Silversmith also filed a motion requesting a stay of discovery pending the disposition of her Motion to Dismiss. (Doc. 12.) Given the disposition of this action, these motions are denied as MOOT.

    Next, Marjenhoff filed a "Motion to Advise of Status" (Doc. 8), in which he does not request any relief but instead warns Defendants that he would pursue various remedies if Defendants fail to respond to his earlier filings. Several days later, Marjenhoff filed a "Motion Notifying the Court of Plaintiff's Offer For an out of Court Settlement" (Doc. 10), in which he simply notifies the Court that he is pursuing settlement negotiations with Defendants. Because

these motions do not seek any relief from the Court, and because the operative complaint has now been dismissed, these two motions are both denied as MOOT.

In a "Motion to Request Access to Court Records and Filings in Case" (Doc. 7), Marjenhoff complains that he has no access to the docket and filings in this case, and he requests that Defendants send hard copies of each of their filings to him. Marjenhoff also filed a "Motion to Revisit Previous Motion Plaintiff's lack of Information and Requested Hard Copies of Court Directed Records by Defendants'[*sic*]" (Doc. 15), in which he states that he still is not receiving hard copies of court filings. The Court's CM/ECF system is designed to automatically mail one hard copy of every filing in a case to pro se parties under most circumstances, and a review of the docket shows that hard copies of every filing in this action have been sent to the address on file for Marjenhoff. To the extent that Marjenhoff requests that Defendants duplicate this effort by directly sending him copies of documents that are already being mailed to him by the Court, that request is DENIED. However, Marjenhoff is advised to contact the Clerk of the Court to ensure that his correct mailing address is on file in this case. Once he has done so, the Clerk of the Court shall send him one (1) additional hard copy of every filing in this action prior to the filing date for this Order if Marjenhoff so requests. Because it is Marjenhoff's responsibility to confirm that he has provided his correct mailing address to the Court, I will not provide this relief to Marjenhoff a second time unless good cause is shown.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.