**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRUCE MARJENHOFF,

        Plaintiff,

v.                                            CIV No.  14-364 LH/WPL

NEW MEXICO STATE POLICE, *et al.*,

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint (Doc. 23, filed August 13, 2014).  For the reasons stated below, the Court will **DENY** Plaintiff's Motion to Amend Complaint and will **DISMISS** this case without prejudice.

This case arises from a traffic stop by a New Mexico State Police officer who issued a citation to Plaintiff for speeding, a New Mexico Magistrate Judge's ruling that Plaintiff was guilty of speeding, and a New Mexico District Judge's handling of Plaintiff's appeal from the Magistrate Judge's ruling.

The Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted, pursuant to the statute governing *in forma pauperis* proceedings, 28 U.S.C. § 1915, because Plaintiff did not allege that his conviction for speeding has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determination. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994) (holding that to recover damages for allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction has already been invalidated).  The Court also concluded that Defendant Magistrate

Judge Silversmith is immune from suit for actions taken in her judicial capacity. (Doc. 16, filed July 15, 2014).

The Court also granted Plaintiff leave to amend his Complaint. (Doc. 16). Instead of filing an amended complaint, Plaintiff filed a Motion to Amend. (Doc. 18). Plaintiff did not include a proposed amended complaint as required by the District of New Mexico's Local Rule of Civil Procedure 15.1. The Court then ordered Plaintiff to file an amended Complaint. (Doc. 21). Plaintiff filed the Motion to Amend Complaint, now before the Court, along with a proposed amended complaint.

Plaintiff's proposed amended complaint (Motion to Amend at 4-8) does not remedy the defects in his original Complaint. His proposed amended complaint does not allege that his conviction for speeding has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal authorized to make such determination. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Regarding his claims against Defendant Magistrate Judge Silversmith, Plaintiff states "the Court failed to Cite Rule of Absolute Immunity in the Order requiring that Plaintiff file an Amended Complaint,"[1] but does not make any factual

---

[1] In its Order dismissing Plaintiff's original Complaint, the Court stated:

Furthermore, the Magistrate Judge and the District Judge are immune from suit. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). Plaintiff's allegations against the two judges show that their actions were taken in the judges' judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff makes no allegations that the actions of the two judges were taken in the complete absence of all jurisdiction.

(Doc. 16 at 5, filed July 15, 2014).

allegations that Judge Silversmith's actions were taken in the complete absence of all jurisdiction. (Motion at 6).

Plaintiff's proposed amended complaint also "asks that Defendant Silversmith reverse her Order of Guilt, do [sic] to being an illegal Hearing, and remove plaintiff's driving points and Order a dismissal to the illegal case she held." Federal district courts do not have jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See Sockey v. Gray*, 159 Fed.Appx. 821, 822 (10th Cir. 2005) (citing *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.")).

Because Plaintiff's proposed amended complaint does not remedy the defects in his original Complaint, and because the Court does not have jurisdiction to review Plaintiff's conviction in state court, the Court will deny Plaintiff's Motion to Amend his Complaint and will dismiss this case without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 23, filed August 13, 2014) is **DENIED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**